JOHN SILLS, Respondent, v. LEWIS P. GOODYEAR et al., Appellants.

Kansas City Court of Appeals, April 1, 1901.

1. **Writ of Assistance:** OFFICE OF: MISSOURI PRACTICE. A writ of assistance is almost unknown in Missouri practice and its office is to give effect to chancery decrees where the rights of the parties are fixed by the decree, or to put a party into possession under an order of court.

2. ———: ———: STRANGER: POSSESSION. A writ of assistance will not issue against one not a party to the action and who came into possession before the beginning of the suit.

3. ———: STRANGER: WRIT OF RESTITUTION: TENANT. A writ of restitution against a stranger, who is a tenant to one of the parties to the action, can be made as effective as a writ of assistance, and the latter is therefore not a proper remedy.

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

Sills v. Goodyear.

STATEMENT BY BROADDUS, J.

The defendants have appealed from an order of the circuit court overruling their motion for a "writ of assistance."

The defendants and appellants on the twenty-second day of September, 1896, began an action of forcible entry and detainer against the plaintiff (and two other persons who went out and were not served) for a certain tract of land in Platte county, near the Missouri river, alleging that they were dispossessed on the twelfth day of September, 1896. They obtained judgment before a justice and again on appeal in the circuit court in August, 1897. A writ of restitution put them in possession by removing Sills—plaintiff here and defendant in that case. Soon after, however, said Sills returned and again took possession of the land. Afterwards, while he was so in possession he instituted the action as herein styled. This latter action was instituted November 19, 1897. The object of the suit was to have the judgment in the former set aside on the ground that it was obtained by fraud. These defendants filed a cross-bill asking an injunction against his trespass. This was finally granted on September 3, 1900. Either in the meantime or before the legal controversy between the plaintiff and the defendants, one James Hanlon was found in possession of the land in controversy. He is the person against whom defendants asked that the writ in-question should issue. They claim that he went into possession during the pendency of the foregoing litigation of Sills v. Barackman et al. Hanlon claims to have acquired his possession prior to the institution of said cause.

The trial court, upon the hearing of the motion, refused to order the writ. The substance of the judgment of the court is about as follows: "The court denies defendants' motion because from the evidence it appears that James Hanlon was

in possession of the land in the spring of 1897, and it does not appear that he was a servant, tenant or agent of John Sills." The appellants claim that they were entitled to the writ and that the finding of the court was not justified by the evidence. The respondent denies that there was any authority to issue a writ of assistance under any state of facts, and claims that it was not such a remedy as was authorized under the law; and that the finding of the court was supported by the evidence.

*George W. Day* for appellants.

(1) In any case where a decree or order has directed the possession of property to be given, the person prosecuting the same may have a writ of assistance, upon due service of the decree, or order. 2 Dan. Chan. Prac., 1062, and note; Adams Eq. (17 Am. Ed.), 393, 394. (2) This writ and the procedure in securing it, as used in the English courts of chancery, have been by the American courts adopted, extended and simplified so that it will reach, not only a party to the suit, but one who comes into possession *pendente lite*. , Kershaw v. Thompson, 4 Johns. Ch. 609; Valentine v. Teller, Hopk., ch. 480; Frelinghuysen v. Colden, 4 Paige, 204; Commonwealth v. Dieffenbach, 3 Grants Cas. 368; Montgomery v. Tutt, 11 Cal. 191; Kessinger v. Whitaker, 82 Ill. 22; Watkins v. Jerman, 36 Kan. 464; Crieghton v. Paine, 2 Ala. 158; Bright v. Pennywit, 21 Ark. 130; Trabwe v. Ingles, 6 B. Mon. (Ky.) 82; Schencke v. Conover, 13 N. J. Eq. 200; Benhard v. Darrow, Walker's Ch. Rep. (Mich.). (3) The only difference between a party to the suit and one who is not, but who enters under such party pending it, is that the latter is entitled to notice of the application for the writ. Ins. and Trust Co. v. Rand, 8 How. Pr. 35; Ins. and Trust Co. v. Cutler, 9 How. Pr. 407; Lynde v. O'Donnell, 21 How. Pr., 34; Benhard

v. Darrow, Walk. (Mich.) 519; Commonwealth v. Ragsdale, 2 Hen. & Mun. (Va.) 8. (4) James Hanlon was either not in possession when the sheriff executed the writ of restitution, or he thereby lost it. In either case his present possession began since the commencement of this action. R. S. 1889, sec. 5163; Swayze v. Bride, 34 Mo. App. 414; Daudt v. Keen, 124 Mo. 105. (5) While the appellate court, in equity cases where the witnesses have testified orally, will defer somewhat to the findings of the chancellor, yet it will not be concluded by such findings. Benne v. Schnecko, 100 Mo. 250; McElroy v. Maxwell, 101 Mo. 295; Hamilton v. Armstrong, 120 Mo. 597; Brown v. Fickle, 135 Mo. 405.

*W. Rea Heath* for respondent.

(1) Can a writ of assistance be granted in any case? Respondent only asks that the law be declared on this point. (2) James Hanlon is entitled to a day in court, and his right of possession litigated. Constitution, art. 2, sec. 30. (3) The sheriff could not put and did not put Hanlon off the property in the suit against Sills. Perkins v. Meighan, 147 Mo. 621. (4) James Hanlon was in the possession of the property before the suit and all the time since. Express Co. v. Tyler O. F. Co., 72 Mo. App. 151; Hinniger v. Trax, 67 Mo. App. 525; De Graw v. Prior, 68 Mo. 160; Keen v. Schweigler, 70 Mo. App. 409. (5) Had Hanlon been dispossessed by the sheriff in 1897, he could have instituted and maintained forcible entry and detainer under his possession. King's Adm'r v. Gas Light Co., 34 Mo. 38; Bartlett v. Draper, 23 Mo. 409; Willis v. Stevens, 24 Mo. App. 501.

BROADDUS, J.—A writ of assistance is almost unknown in the practice of the courts of Missouri although it is in use

in some of the States of the Union, notably: New Jersey, Kansas, Arkansas, Kentucky, and Illinois. It is defined as a "summary proceeding resorted to under the rules of chancery to give effect to a decree, and presupposes that the rights of the parties are only such as follow upon the decree." Am. and Eng. Ency. of Law (2 Ed.), vol. 3, p. 161; Adams' Equity, p. 393.

And again: "A writ of assistance is the ordinary process used by a court of chancery to put a party, receiver, sequestrator, or other person, into possession when he is entitled thereto, either upon a decree or upon an interlocutory order." 2 Ency. Plead. and Prac., 975. It "will issue only against parties to the suit, or their representatives, or those who come into possession under either of the parties while the suit is pending." *Idem.,* p. 979.

The findng of the court in this case was that Hanlon came into possession before the beginning of the suit, and that he was not a servant, tenant or agent of John Sills. See Ency. Plead. and Prac., 979, supra; St. Louis Railroad v. Ware, 135 Mo. 230. An examination of the evidence discloses that the court was justified in the conclusion arrived at, as stated in the findings.

We do not want to be understood as holding that a writ of assistance was the proper remedy in the case at bar; on the contrary, we hold that the writ of restitution, issued at the instance of the appellants, could have been made just as effective as the former writ. If Hanlon at the time was the tenant, agent or servant of Sills, the sheriff, under the writ, could have ousted him.

Affirmed.     All concur.